IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WAYNE DALE KELLBERG, | CV 18-176-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION |
| FBI SUPERVISOR RICKY SHELBOURNE, | |
| Defendant. | |

**I. In Forma Pauperis Application**

Plaintiff Wayne Kellberg, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Kellberg's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Kellberg's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Kellberg's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

Kellberg alleges Defendant Ricky Shelbourne, identified by Kellberg as a supervisory FBI agent in Missoula, Montana, together with "the rest of the FBI agents", put Kellberg on television accusing him of committing certain crimes.

Therefore, Kellberg alleges Shelbourne is liable for slander.

Kellberg asserts the Court has jurisdiction over his claim on the basis that his claim arises under laws of the United States. (Doc. 2 at 5.) He also asserts jurisdiction exists because a United States official is a defendant in this action. (*Id*.)

### III.   Discussion

Because Kellberg is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

For the reasons discussed, the Court concludes that liberal construction of Kellberg's claim against Shelbourne requires that it be, as a matter of law, construed as a claim against the United States. So construed, Kellberg's claim is barred under the doctrine of sovereign immunity, and this action is subject to dismissal.

The doctrine of sovereign immunity "shields the United States from suit absent a consent to be sued[, or waiver of sovereign immunity,] that is 'unequivocally expressed[]'" in the text of a federal statute. *United States v. Bormes*, 568 U.S. 6, at 9-10 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). A court's jurisdiction over any suit against the United States may be based only upon "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Jachetta*, 653 F.3d at 903 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

Although Kellberg has not expressly or directly sued the United States, for the reasons discussed his claim must be deemed to be a claim against the United States.

Under the factual circumstances set forth in Kellberg's pleading and his claim of slander, the Court liberally construes his allegations as potentially falling within the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for certain claims

4

against it, and permits the imposition of liability against the United States for negligence or wrongful acts or omissions of its employees "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Specifically, FTCA claims are permitted:

> against the United States [...] for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Accepting Kellberg's allegations as true, his allegations suggest that Shelbourne is liable for conduct in which he engaged while serving as an FBI supervisor. Therefore, the Court construes Kellberg's allegations as asserting that Shelbourne committed his alleged acts "while acting within the scope of his office or employment." Significantly, Kellberg's allegations do not suggest Shelbourne acted outside of the scope of his FBI duties or employment.

Based on Kellberg's allegations of Shelbourne's conduct, this action must necessarily be "deemed to be an action or proceeding brought against the United States under the provisions" of the FTCA. 28 U.S.C. § 2679(d)(1). But as

discussed, his claim of slander is among those claims that remain within the United States' sovereign immunity.

The FTCA provides that the waiver of the United States' sovereign immunity does not apply to certain intentional tort claims, specifically identifying a claim of slander as a claim not permitted under the FTCA. 28 U.S.C. § 2680(h). The United States retains sovereign immunity against liability for those legal claims identified in section 2680(h) – the statute bars those legal claims for relief. *Snow-Erlin v. United States*, 470 F.3d 804, 808-809 (9th Cir. 2006).

Based on the forgoing, Kellberg's claim of slander, properly construed as a claim against the United States under the FTCA, is barred by the United States' sovereign immunity retained under the FTCA. Therefore, Kellberg's claim is properly dismissed.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

Here, the Court finds Kellberg's allegations clearly fall within the exceptions to the FTCA's waiver of sovereign immunity. And Kellberg could not plead any

additional facts which would plausibly suggest his slander claim falls within the FTCA's waiver of sovereign immunity. Thus, the Court finds it is unnecessary to afford Kellberg an opportunity to amend his pleading.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Kellberg's complaint be DISMISSED without leave to amend.

DATED this 12th day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge